# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NAPERVILLE INVESTORS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-09088 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| TRIGILD, INC. | ) | Magistrate Judge Albert Berry III |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Naperville Investors ("Plaintiff") brought this case against Trigild, Inc. ("Defendant") claiming that they reasonably relied on the inaccurate information provided by Defendant regarding auction bidding procedures and the required minimum bid. Plaintiff seeks an order rescinding its Purchase and Sale Agreement with Defendant and awarding the return of its $1,000,000 earnest money deposit, together with accrued interest and the costs of this suit. Before the Court is Defendant's motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, Defendant's motion to dismiss is granted.

## BACKGROUND

The following facts are drawn from Plaintiff's complaint and are presumed true for the purpose of adjudicating Defendant's motion to dismiss.

In July 2023, Defendant was appointed by the Louisiana Western District Court as receiver to operate, market, and sell Wheatland Marketplace (the "Shopping Center") for the benefit of the Owner, AT Wheatland Naperville, IL, LLC, and the mortgage lender, First Guaranty Bank. Defendant conducted an online auction of the Shopping Center property, and on November 20, 2024, declared Plaintiff's bid of $13,948,500 the winner. Following the auction, Plaintiff and

Defendant entered into a Purchase and Sale Agreement. As required by the agreement, Plaintiff made an earnest money deposit of $1,000,000.

Prior to closing the deal, Plaintiff discovered substantial disputes with Defendant over financial discrepancies in the accounts receivable and regarding water damages and repairs to the Shopping Center property, which were not disclosed prior to the parties' agreement. Plaintiff refused to proceed, and the transaction failed to close. Defendant purported to declare Plaintiff in default and refused to agree to the return of the $1,000,000 deposit.

## PROCEDURAL HISTORY

Defendant filed this motion to dismiss on January 1, 2026, arguing there is no diversity of citizenship and therefore this Court lacked subject-matter jurisdiction. Because there was initially insufficient information to determine Defendant's complete ownership structure, the Court permitted jurisdictional discovery. Defendant claimed that jurisdictional discovery revealed that at least two partners within its ownership structure are citizens of Illinois. Plaintiff responded that Defendant previously represented itself as a corporation, rather than an LLC, and requested that Defendant produce its conversion plan, organizational records, unredacted subscription agreements, and an amended disclosure statement.

On May 1, 2026, Defendant submitted a supplemental record containing the subscription agreements of the limited partners and documentation establishing the LLC's Illinois citizenship. Plaintiff argued that Defendant altered its prior sworn chain of ownership; submitted no evidence regarding the Illinois citizenship of one of the partners, an Illinois pension plan; and changed its name without providing supporting documentation or a declaration. Defendant supplied evidence of the LLC's citizenship including sworn declarations, records identifying the entity as an Illinois corporation, and pension plan records identifying its members as Illinois citizens. Defendant

clarified that this information was obtained through jurisdictional discovery, which explained

asserted inconsistencies in its prior submissions.

**LEGAL STANDARD**

A motion to dismiss under 12(b)(1) challenges a court's subject-matter jurisdiction. The

plaintiff bears the burden of establishing the elements necessary for subject-matter jurisdiction,

including standing to seek relief. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021);

*International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1),

the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences

in the plaintiff's favor. *Prairie Rivers Network v. Dynegy Midwest Generation*, LLC, 2 F.4th 1002, 1007

(7th Cir. 2021); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019).

**DISCUSSION**

In its motion to dismiss, Defendant argues that Plaintiff has not established diversity subject-

matter jurisdiction. Plaintiff is an Illinois limited liability company with its principal place of business

in Cicero, Illinois, and Plaintiff's sole member is a citizen of Illinois. However, prior to the

commencement of this action, Defendant converted to an LLC with two limited partners being

citizens of Illinois. Because Defendant's conversion to an LLC was undisputedly effective under

Nevada law prior to the filing of this lawsuit, Defendant's LLC status governs for purposes of

determining diversity jurisdiction. *See Grupo v. Dataflux Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71

(2004) (diversity jurisdiction is determined by the facts existing at the time of filing).

Federal courts have subject-matter jurisdiction over actions where the amount in

controversy exceeds $75,000 and the parties are "diverse," meaning citizens of different states. *See* 28

U.S.C. § 1332(a). For the purposes of determining diversity, the citizenship of an LLC is determined

by the citizenship of all its members, including limited partners, not by its state of incorporation or

principal place of business. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). The party

invoking federal jurisdiction bears the burden of establishing complete diversity as of the filing date of the complaint. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Grupo Dataflux* 541 U.S. at 570. When evidence demonstrates that any member of an LLC shares citizenship with an opposing party, diversity jurisdiction is destroyed and the federal court lacks subject-matter jurisdiction. *See Bellville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003).

Plaintiff argues that Defendant did not establish its citizenship because there was no evidence of the citizenship of the Illinois pension plan, and because the documentation regarding the Illinois corporation was for an incorrect entity. However, after the Court permitted jurisdictional discovery, Defendant submitted amended declarations and documentation showing the organizational structure of the LLC and the Illinois citizenship of two limited partners. The pension plan and the corporation are limited partners of Defendant and citizens of Illinois.

Because Defendant shares common citizenship with Plaintiff, complete diversity does not exist, and the Court lacks subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss [43] and dismisses Plaintiff's complaint in its entirety with prejudice. Civil case terminated.

**IT IS SO ORDERED**

Date: 6/16/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge